**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**RICHARD D. DAY, JR.**                                                     **PETITIONER**

**VS.**                          **CASE NO.: 5:15CV00273 KGB/BD**

**WENDY KELLEY, Director,
Arkansas Department of Correction**                          **RESPONDENT**

## RECOMMENDED DISPOSITION

### I.    Procedure for Filing Objections

The following Recommended Disposition ("Recommendation") has been sent to

United States District Judge Kristine G. Baker.  Any party may file written objections

with the Clerk of Court within fourteen (14) days of filing this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.

An objection to a factual finding must identify the finding of fact believed to be wrong

and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be waived.  If no

objections are filed, Judge Baker can adopt this Recommendation without independently

reviewing the record.

### II.    Background

Petitioner Richard D. Day Jr., an inmate in the Arkansas Department of Correction

("ADC"), brings this petition for writ of habeas corpus under 28 U.S.C. § 2254.  On April

9, 2014, Mr. Day received a major disciplinary charging him with failure to obey orders of staff, indecent exposure, and committing a crime under Arkansas law.  (#2 at p. 102) On April 16, 2014, Mr. Day appeared at a disciplinary hearing, denied all of the charges, and read a statement into the record.  (*Id.*)

The hearing officer found Mr. Day guilty of all of the charged violations based on a statement from the charging officer and a statement from staff supporting the charging officer's statement.  (#2 at pp. 102-03)  The hearing officer sentenced him to thirty days' punitive isolation, a reduction in classification from II to IV, and a loss of 365 days of good-time credit.  (Docket entry #2 at p.102)

Mr. Day appealed the disciplinary hearing officer's decision to the Warden, the Disciplinary Hearing Administrator, and then to Ray Hobbs, who at the time was Director of the ADC, but all three affirmed.  (#2 at pp. 107, 122, 139)

Mr. Day then appealed the decision to the Pulaski County Circuit Court, which affirmed.  (#2 at p. 24)  Mr. Day appealed the Circuit Court's decision to the Arkansas Supreme Court, which dismissed his appeal for lack of jurisdiction because Mr. Day had failed to file his petition in the Circuit Court within the time limitations prescribed by Arkansas's Administrative Procedures Act.  *Day v. Minor*, 2015 Ark. 266 at 3.  (#2 at pp. 25, 54-57)

In this petition, Mr. Day makes the following claims: (1) he mailed his petition to the Circuit Court in a timely manner; (2) the hearing officer should have recused herself

because she was biased; (3) the hearing officer disregarded significant facts; (4) the

hearing officer failed to disclose evidence and, by doing so, violated his due process

rights; and (5) violations of procedural and substantive due process throughout the

administrative appeal process, resulting in his being denied entry into the Reduction of

Sexual Victimization Program ("RSVP"), completion of which is required for Mr. Day to

become parole eligible.  (#2)  Mr. Day asks that this Court vacate the hearing officer's

decision and to restore his classification and good-time credits.[1]  (*Id.* at p. 20)

Respondent contends that Mr. Day's claims are either not cognizable, are

procedurally defaulted, or are without merit.  (#7 at pp. 3-6)  For the reasons set forth

below, Mr. Day's claims should be dismissed, and his habeas petition should be denied.

## III.   <u>Discussion</u>

A federal court may entertain a State prisoner's petition for writ of habeas corpus

only on the ground that he is being held in State custody in violation of the United States

Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  If Mr. Day's

claims do not allege that he is in custody in violation of the Constitution or federal law,

this Court cannot decide the claims, and they must be dismissed.

### A.   Due Process

---

[1]Actually, Mr. Day asked the Court to reverse the entire punishment, but the Court
assumes that he has already served the thirty-day punitive isolation portion of the
punishment.

Mr. Day complains that he was denied due process during the disciplinary proceedings that resulted in his assignment to time in punitive isolation, a reduction in his classification, and the loss of good-time credit.   Mr. Day alleges that, had the hearing officer paid attention during his hearing, she would have found a lack of evidence to support the charging officer's account of the incident.  (#2)

To the extent Mr. Day challenges his assignment to punitive isolation and class-reduction, these claims cannot be decided in a federal habeas petition because changes in custody status and classification do not constitute "atypical and significant" hardships that trigger the protection of the due process clause.  See *Sandlin v. Conner*, 515 U.S. 472, 485–86 (1995)(thirty days in disciplinary segregation); *Phillips*, 320 F.3d at 847 (citing *Kennedy v. Blankenship*, 100 F.3d 640, 642 (8th Cir. 1996)(demotion to segregation and limitations on visitation);  *Hartsfield v. Dep't of Corr.*, 107 Fed.Appx. 695, 696 (8th Cir. 2003) (unpublished per curiam) (no liberty interests in particular classification)(citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)(prisoners do not have a liberty interest in classification)).

As to Mr. Day's claim regarding his loss of good-time credit, Respondent contends that Mr. Day failed to properly exhaust this claim when he brought an untimely action in the Circuit Court under Arkansas's Administrative Procedure Act.  In the interest of judicial economy, the Court will not address the exhaustion issue but will instead take up the merits of Mr. Day's claim.  *McCraney v. Hobbs*, 504 F. Appx 520, 523 (8th Cir.

2013) (citing *Trussell v. Bowersox*, 447 F.3d 588, 590-91 (8th Cir. 2006)(other citation omitted)).

In general, prisoners can have a liberty interest in the loss of good-time credit. *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974).  But it is state law, not the federal constitution, that determines whether there is such a liberty interest.  See *Sandlin v. Conner*, 515 U.S. 472, 477-484, 115 S.Ct. 2293 (1995)(holding that states may create liberty interests in good-time credit protected by the Due Process Clause).

The Supreme Court of Arkansas has held that prisoners have no liberty interest in the accumulation or loss of good-time credits under Arkansas law.  *McKinnon v. Norris*, 366 Ark. 404 (2006);  *Koontz v. Norris*, 2008 WL 2310973 (Ark. 2008).  Its reasoning is that the accumulation or loss of good-time credit does not affect the length of a sentence, but rather, determines only the location and conditions under which the sentence will be served.  *McKinnon*, 366 Ark. at 408-09.

The Arkansas Supreme Court is primarily responsible for interpreting Arkansas law.  A state court's interpretation of the federal Constitution, and in this case the Due Process Clause, however, is not binding on federal courts.  See *Baker v. Carr*, 369 U.S. 186, 211, 82 S.Ct. 691, 706 (1962) (the Supreme Court of the United States is the "ultimate interpreter of the Constitution").

Both the Supreme Court of the United States and the Eighth Circuit Court of Appeals have found that inmates in Nebraska have a liberty interest in the loss of good-

time credits under a statutory scheme similar to Arkansas's.  See *Wolff*, 418 U.S. at 556-557 and *Louis v. Department of Correctional Services of Nebraska*, 437 F.3d 697, 700 (8th Cir. 2006).  But unlike Nebraska's good-time statute, Arkansas's good-time statute expressly provides that "good time will not be applied to reduce the length of a sentence." Compare NEB. REV. STAT. § 83-1,107 and ARK. CODE ANN. § 12-29-201(d).  Instead of reducing the *term* of a prisoner's sentence, Arkansas's good-time statute reduces the time an inmate must serve *in prison* before becoming eligible for transfer, including parole. Accordingly, Mr. Day's due process claim related to his loss of good-time credits fails.

Even if Mr. Day had a liberty interest triggering the due process clause, his claim would still lack merit because Respondent satisfied due process requirements.  The minimum procedural due process protections require: (1) written notice of the disciplinary charges at least twenty-four hours before the hearing; (2) an opportunity to call witnesses and present a defense; and (3) a written statement from an impartial decision-maker identifying the evidence relied upon and the reason for the disciplinary action.  *Wolff*, 418 U.S. at 563-67.

The requirements of due process are satisfied if *some evidence* supports the decision by the prison disciplinary board to revoke good-time credits.  *Superintendent v. Hill*, 472 U.S. 445, 455-56, 105 S.Ct. 2768 (1985); *Flowers v. Anderson*, 661 F.3d 977, 980 (8th Cir. 2011).  The some-evidence standard does not require examination of the entire record, independent assessment of the credibility of witnesses, or reweighing the

evidence.  *Id*.  If there is "any evidence in the record" that could support the finding of the

disciplinary authority, the sanctions comport with due process.  *Id*. at 455–56.  There is no

question that Mr. Day received all of these procedural protections and that there was some

evidence in the record supporting the disciplinary hearing officer's decision.  (#2 at pp.

100-103)

  B. RSVP and Parole Eligibility

  In his final ground for relief, Mr. Day claims that Respondent is unlawfully

withholding parole eligibility, because his current classification status prevents him from

being eligible for RSVP.  This claim also fails because it does not allege a violation of the

Constitution or federal laws.  Arkansas parole statutes do not create a liberty interest in

early release from confinement, and expectation of release on parole is not a protected

liberty interest.  (#2 at pp. 18-20)

  Stated another way, an inmate has no liberty interest in the *possibility* of parole.

*Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011).  Mr. Day has a liberty interest

in release at the expiration of his sentence; he does not have a liberty interest in the

possibility of a conditional release prior to the expiration of his sentence.  See *Swarthout*

*v. Cooke*, __U.S.__, 131 S. Ct. 859, 862 (2011)(the federal constitution does not confer a

right to be conditionally released before the expiration of a valid sentence).

  The Due Process Clause itself does not include a protected liberty interest in the

possibility of parole or release before expiration of a validly imposed sentence.  See

7

*Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

Further, nothing in the Arkansas statutes governing parole creates anything more than a

possibility of parole.  Thus, the statutes do not establish any right to release on parole that

would trigger due process protection.  *Pittman v. Gaines*, 905 F.2d 199, 201 (8th Cir.

1990); *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984);[2] see also *Hamilton v.

Brownlee*, 237 F. Appx 114, 115 (8th Cir. 2007)(citing Ark.Code Ann. § 16-93-701(a)(1)

(2006)(other citations omitted)).

To the extent Mr. Day is complaining that Respondent is not following ADC

policies, he has not stated a federal claim for habeas relief.  He has no constitutionally

protected liberty interest in Respondent's adherence to prison policies.  *Phillips v. Norris*,

320 F.3d 844, 847 (8th Cir. 2003) (no federal constitutional liberty interest in having

prison officials follow prison regulations).  Consequently, the Court recommends Mr.

Day's claim be dismissed.  28 U.S.C. § 2254(a).

## IV.   **Certificate of Appealability**

When entering a final order adverse to a petitioner, the Court must issue or deny a

certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the

United States District Court.  The Court can issue a certificate of appealability only if Mr.

---

[2]In *Parker v. Corrothers*, 750 F.2d 653 (8th Cir. 1984), the Eighth Circuit Court of Appeals held that Arkansas Board of Parole Regulation 3.09 in effect at that time created a liberty interest in parole.  *Id.* at 661.  The Court explained that due process required the Board to provide more than boilerplate language in denying a parole request.  *Id.* at 662. Following the Court's decision in *Parker*, however, the Board revised its regulations.

Day has made a substantial showing that he was denied a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).

In this case, Mr. Day has not provided a basis for the Court to issue a certificate of appealability.  See *Roberts v. Hobbs*, Case No. 5:14CV44, docket entry #11 (E.D.Ark. April 4, 2014)(Arkansas Supreme Court's decision in *McKinnon* forecloses a due process claim regarding revocation of good time credits); *Smith v. Hobbs*, Case No. 5:13CV224, docket entry #13 (E.D.Ark. dismissed January 8, 2014)(same).  Accordingly, a certificate of appealability should be denied.

## V.   **Conclusion**

The Court recommends that Mr. Day's petition for writ of habeas corpus be denied and dismissed, with prejudice, and that no certificate of appealability be issued.

DATED this 16th day of November, 2015.

_____
UNITED STATES MAGISTRATE JUDGE